*Polk & Beck, for appellant.*
*Stevenson, for appellee.*

AUSTIN C. GODSEY *v.* ROBERT H. GODSEY.

**Bills and Notes—Execution of Note—Presumption as to Previous Indebtedness.**

Upon the execution of a note the law presumes all previous outstanding indebtedness was settled by that transaction.

**Trial—Instruction—Want of Evidence.**

>    An instruction should never be given where there is no evidence upon which to base it.

### APPEAL FROM PERRY CIRCUIT COURT.

November 3, 1871.

OPINION BY JUDGE PETERS:

This action was brought to enforce the collection of a note alleged to have been executed by appellee to appellant for $557 and $62.00 on an account for a set of cards. Several grounds of defense are pleaded in the answer.

1st. That appellant procured the note to be executed when appellee was so drunk as to be incapable to transact business, or of knowing what he was doing.

2d. That at the date of the note appellant was indebted to him in the sum of $475. For three years and two months labor performed for appellant for $70 in gold, he got of appellee, and $50 for 100 pounds of manufactured tobacco, which he pleads as a set-off against the note sued on; and as the $62 for the cards, they were gotten in 1859, "or 1860 before the execution of the note sued on and the price constitutes a part of the amount of said note."

By an amended answer appellee pleaded non est factum, and having gone to trial on these issues, a verdict was found for appellee, and a judgment having been rendered accordingly, appellant has appealed to this court.

It perhaps would not be proper for this court to express any opinion as for whom the evidence preponderated, since we would not as it is presented in this record feel authorized to set the verdict aside upon the ground alone that it was not sustained by the evidence. But there is an error in giving instructions to the jury which must be fatal to the judgment.

By instruction No. 4, given on motion of appellant, the jury are told that if they believed the note was executed by the defendant, the law presumes that all previous indebtedness was then settled. That instruction is substantially the law.

By instruction No. 5, given at the request of appellee, the jury are told that they are to consider all the facts and circum-

stances proved in the cause, and if they believe from the evidence that the execution of the note has been proven, still, if they believed from the evidence that plaintiff owed defendant for one labor charged, and the gold and tobacco, they should give the defendant credit for the same.

There are two objections to this instruction. 1st. It is in conflict with No. 4, given at the instance of appellant, and should have been qualified by stating further that by giving the note if they believe from the evidence, defendant executed it, the law presumes all previous outstanding indebtedness was settled by the execution of the note, and, 2d, there was no evidence in the case upon which to base said instruction. Jesse Combs proves that some twenty years before he testified, and before appellee was married, and he then had children grown, he had lived with appellant, but he does not prove anything about any contract to pay for his services, nor what they were worth. And there is no evidence whatever that appellant got any gold or tobacco from appellee. Jesse Combs is the only witness who proved that appellee ever done any business for appellant, and he proves that was more than twenty years before the time he testified, and that appellee had, since he was married, traded with and bought his goods from appellant. Instruction No. 5 was therefore improperly given as there was no evidence upon which to base it.

There is another matter which should be noticed which relates to the price of the cards. Appellant in his answer says they were gotten before the execution of the note, and the price constituted a part of the consideration of the note. This is rather a strange allegation if he did not execute the note.

Wherefore, for the errors indicated, the judgment must be reversed and the cause remanded with directions for a new trial and for further proceedings consistent with this opinion.